# IN THE UNITED STATES DISTRICT COURT

## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

**CHARLES NAVARRO**, Pro Se
Plaintiff,

v.

**DEPARTMENT OF CHILDREN, YOUTH AND FAMILIES (DCYF)**,
**RYAN BROWN**, individually and in his official capacity as Investigating Worker, and
**STEVI SANCHEZ**, individually and in her official capacity as Supervisor,
Defendants.

Civil Action No.: _____

## COMPLAINT FOR VIOLATION OF CIVIL RIGHTS UNDER 42 U.S.C. §1983

## I. JURISDICTION AND VENUE

1. This action arises under the Constitution and laws of the United States, including 42 U.S.C. §1983.
2. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§1331 and 1343.
3. Venue is proper in the Eastern District of Pennsylvania pursuant to 28 U.S.C. §1391 because the events giving rise to this complaint occurred in Chester County, Pennsylvania.

## II. PARTIES

4. **Plaintiff, Charles Navarro,** is an adult citizen of the Commonwealth of Pennsylvania residing in Coatesville, Pennsylvania.

5. **Defendant, Department of Children, Youth and Families (DCYF)**, is a governmental agency operating under the authority of the Commonwealth of Pennsylvania.
6. **Defendant Ryan Brown** is an employee of DCYF who, at all relevant times, acted under color of state law in his official capacity as an investigating caseworker.
7. **Defendant Stevi Sanchez** is a supervisor at DCYF who, at all relevant times, acted under color of state law and directly oversaw the investigation conducted by Ryan Brown.

## III. STATEMENT OF FACTS

8. In **October 2024**, Plaintiff was contacted by **Ryan Brown**, an investigating worker with DCYF, regarding allegations of **suspected child abuse** involving Plaintiff's minor daughter.
9. The supervisor assigned to this case was **Stevi Sanchez**.
10. No credible evidence was ever presented to substantiate the allegations, except what Plaintiff reasonably believes to have been a **coerced and manipulated statement** obtained from his daughter under the influence of her mother, **Kristy Thompson**.
11. Plaintiff immediately informed DCYF that the allegations were **false**, that he had **not seen his daughter since March 2024**, and that the child's mother was **violating an existing court custody order**.
12. Despite Plaintiff's cooperation and the lack of credible evidence, DCYF accused him of **using drugs and alcohol in front of his child** without presenting any documentation, test results, or corroborating witnesses.
13. The **initial investigation** concluded with **no criminal charges filed**, and the case was **not opened for services** by DCYF.
14. Nevertheless, Plaintiff was **indicted twice** for child abuse by DCYF without new evidence or due process, and both appeals were denied.
15. On **October 26, 2024**, Plaintiff filed a formal **appeal** of the findings made by investigator Ryan Brown.
16. The appeal was based on the following errors and omissions:
    a. Investigator Brown **failed to interview key witness Leticia Rosa**, who was present with Plaintiff on the dates in question;
    b. Investigator Brown **failed to provide any specific dates** of the alleged abuse, stating only that the incidents occurred "last year"; and

    c. Plaintiff was accused of abuse on **February 11, 2024**, despite the fact that he did **not have custody or visitation** with his daughter on that date because the mother, Kristy Thompson, had withheld visitation (Exhibit 1)

17. Plaintiff's **third and final appeal** was submitted to **David Howe, Esquire**, an Administrative Law Judge with the **Commonwealth of Pennsylvania Department of Human Services Bureau of Hearings and Appeals**.
18. After review and consideration, on **April 16, 2025**, Judge Howe **ordered that the recommendation be adopted in its entirety** and that Plaintiff's record be **expunged** of all child abuse findings. (Exhibit 2)
19. In response to the pending **child abuse expunction hearing** scheduled for **April 22, 2025**, DCYF provided **written notice that they would not appear, submit evidence, or pursue the matter further**. (Exhibit 3)
20. The expunction order confirmed that DCYF's prior findings lacked evidentiary support and were improperly substantiated.
21. As a result of Defendants' conduct, Plaintiff suffered **severe emotional distress, reputational harm, interference with parental rights**, and unnecessary involvement with law enforcement and child protective authorities.

## IV. CLAIMS FOR RELIEF

*COUNT I – Violation of Fourteenth Amendment Right to Procedural and Substantive Due Process (42 U.S.C. §1983)*

22. Plaintiff incorporates all preceding paragraphs by reference.
23. Defendants Brown and Sanchez, acting under color of state law, deprived Plaintiff of his right to due process by:
- Conducting a biased and incomplete investigation;
- Relying on coerced or manipulated statements;
- Failing to provide notice, evidence, or opportunity to respond before indicating Plaintiff; and
- Failing to ensure that findings were based on credible evidence.
24. Defendant Sanchez, as supervisor, was responsible for oversight and review of Brown's investigation and failed to correct these violations, exhibiting deliberate indifference to Plaintiff's constitutional rights.

### *COUNT II – Fabrication of Evidence and Reckless Investigation (42 U.S.C. §1983)*

25. Defendants knowingly or recklessly relied upon false, coerced, or unverified statements to support a finding of child abuse.
26. Defendants failed to conduct an objective or complete investigation, deliberately ignoring exculpatory information and withholding exonerating evidence.

### *COUNT III – Negligent and Reckless Infliction of Emotional Distress*

27. Defendants' conduct was extreme and outrageous, undertaken with disregard for the truth, causing Plaintiff emotional trauma, anxiety, and reputational harm.

## V. DAMAGES

28. As a direct and proximate result of Defendants' unlawful actions, Plaintiff suffered:
- Emotional and mental distress;
- Harm to reputation and family relationships;
- Financial losses related to defending against false allegations;
- Loss of parental time and emotional suffering.
29. Plaintiff seeks **compensatory damages** in an amount to be determined at trial, **punitive damages** against Defendants Brown and Sanchez in their individual capacities, and **attorney's fees and costs** under 42 U.S.C. §1988.

## VI. PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court:
A. Enter judgment in his favor and against all Defendants;
B. Declare that Defendants violated Plaintiff's constitutional rights;
C. Award compensatory and punitive damages;
D. Order expungement and correction of all DCYF records relating to these allegations;
E. Award reasonable attorney's fees and costs; and
F. Grant such other relief as this Court deems just and proper.

Respectfully submitted,

*Charles Navarro* (signature)

**Charles Navarro**
203 Thia Court
Coatesville, Pa 19320
484-401-1283
Charlienavarro2022@gmail.com
**Plaintiff, Pro Se**

Date: 10-20-2025

X

Commonwealth of Pennsylvania - Notary Seal
David J. Kelly, Notary Public
Chester County
My commission expires May 20, 2026
Commission number 1083384
Member, Pennsylvania Association of Notaries

Sworn to and subscribed before me this 20 day of Oct, 2025

Commonwealth of Pennsylvania
County of Chester

**COMMONWEALTH OF PENNSYLVANIA**
**DEPARTMENT OF HUMAN SERVICES**
**BUREAU OF HEARINGS AND APPEALS**

IN THE APPEAL OF:    C.N. In re: Ch.N.
BHA Docket No.:
ChildLine Report No.:
Child Abuse Expunction

## ADJUDICATION

### Findings of Fact

1. This is an administrative adjudication of the above-named Appellant seeking expunction of the indicated report of child abuse naming him as the perpetrator of child abuse against the subject child.

2. The hearing on the merits scheduled for April 22, 2025 at 9:15 a.m. is cancelled.

3. On April 10, 2025, BHA received a Notice, dated April 10, 2025, from The Chester County Department of Children, Youth and Families, through its counsel, of its decision that it will not pursue the appeal on the merits in the above captioned matter, and that it will not submit any further motions or applications in the above captioned matter.

### Conclusion

The Child Protective Services Agency bears the burden of proof that an indicated report of child abuse is supported by substantial evidence and is being maintained in a manner consistent with the Child Protective Services Law. Bucks County Children & Youth Soc. Servs. Agency v. Dep't of Pub. Welfare, 808 A.2d 990, 993 (Pa. Cmwlth. Ct. 2002); see also 55 Pa. Code § 3490.106a(g). If the agency "fails to sustain that burden, a request for expungement will be granted." Id.

In that the agency bearing the burden of proof in this matter decided not to go forward to meet that burden, it is my Recommendation that the Appellant's appeal be SUSTAINED and that the indicated report of child abuse at the number set forth above be expunged. An appropriate order is attached hereto.

3

*Exhibit 2*

# COMMONWEALTH OF PENNSYLVANIA
# DEPARTMENT OF HUMAN SERVICES
# BUREAU OF HEARINGS AND APPEALS

IN THE APPEAL OF:   C.N. In re: Ch.N.
BHA Docket No.
ChildLine Report No.:
Child Abuse Expunction

## ORDER

AND NOW, this 16TH day of April 2025, after careful review and consideration, it is hereby **ORDERED** that the Recommendation be adopted in its entirety.

Either party to this proceeding has fifteen (15) calendar days from the date of this decision to request reconsideration by the Secretary of the Department. To seek reconsideration, you must fully complete the enclosed application/petition for reconsideration. The application/petition shall be addressed to the Secretary, but delivered to the Director, Bureau of Hearings and Appeals, P.O. Box 2675, Harrisburg, Pennsylvania, 17105-2675, <u>and must be received in the Bureau of Hearings and Appeals within fifteen (15) calendar days from the date of this Order</u>. This action does not stop the time within which an appeal must be filed to Commonwealth Court. The Applicant/Petitioner shall serve a copy of the application/petition for reconsideration on the opposing party(ies).

The appropriate party(ies), where permitted, may take issue with this Adjudication, and Order, and may appeal to the Commonwealth Court of Pennsylvania, within thirty (30) days from the date of this order. This appeal <u>must be filed</u> with the Clerk of Commonwealth Court of Pennsylvania, 601 Commonwealth Avenue, Suite 2100, P. O. Box 69185, Harrisburg, PA 17106-9185.

If you file an appeal with the Commonwealth Court, a copy of the appeal must be served on the government unit which made the determination in accordance with Pa. R.A.P. 1514. In this case, service must be made to: Department of Human Services, Bureau of Hearings and Appeals, 2330 Vartan Way, 2nd Floor, Harrisburg, Pennsylvania 17110-9721, **AND** Department of Human Services, Office of General Counsel, 625 Forster Street, 3rd Floor West, Health & Welfare Building, Harrisburg, PA 17120.

Bureau of Hearings and Appeals

_____04/16/2025_____
Final Administrative Action
and Mailing Date

*Karen Merth*
Karen Merth
Regional Manager
Bureau of Hearings and Appeals

cc: C.N., Appellant
    Julia Costanzo, Esq., Chester County Solicitor
    Eve Large, Executive Director, Chester County CYF
    Director, Division of Operations and Quality Management (Childline)
    File/VVR

April 9, 2025
Page 2



Look ↓

## DEPARTMENT OF HUMAN SERVICES
## BUREAU OF HEARINGS AND APPEALS

IN THE APPEAL OF:

BHA Docket No.:
ChildLine Report.:
Child Abuse Expunction (CAE)

### NOTICE OF NON-PURSUIT

The Chester County Department of Children, Youth and Families, a child protective agency, by through its undersigned counsel, Buckley Brion McGuire & Morris LLP, in response to the above-captioned child abuse expunction appeal, does hereby give notice that:

1. The child protective service agency will not pursue or appear at the child abuse expunction hearing scheduled before the Bureau of Hearings and Appeals on April 22, 2025, at 9:15 a.m.

2. The child protective service agency will not submit any evidence in the matter.

3. The child protective service agency will not submit any further motions or applications in this matter.

4. All parties of record in this matter will be served a copy of this Notice in accordance with *I Pa. Code§ 33.32*.

Dated this 10th day of April 2025.

Respectfully Submitted,

Julia Castanzo, Esquire
Buckley Brion McGuire & Morris LLP
118 W. Market Street, Suite 300
West Chester, PA 19382
(610) 436-4400
jcastanzo@buckleyllp.com

*Solicitor for Chester County Department of Children, Youth and Families*

8:32

**Kristy Thompson**
last seen May 22 at 12:53 PM

FRI, FEB 9, 2024

Outside

5:42 PM

Outside

9:11 PM

WED, FEB 14, 2024

I saw you called what's up

2:18 PM

Charlee waited for you by the window for over a half hour
Why did you not show for your visit tonight

7:14 PM

Well, it's awful funny that you never picked the phone up to let me know that I was supposed to get her and I called multiple times good night

7:29 PM

FRI, FEB 16, 2024

Outs

Message Kristy Thompson

Charles Navarro
203 Thia Court
Coatesville, PA 19320

U.S. District Court for the Eastern District of PA
Clerk's office — Philadelphia Division
601 Market Street
Philadelphia, PA 19106



USPS PRIORITY MAIL

US POSTAGE AND FEES PAID
PRIORITY MAIL IMI
Nov 10 2025
Mailed from ZIP 19320
1 LB PRIORITY MAIL RATE
ZONE 1
12403762
Commercial

C019  0003
Shipped using PostalMate
Pkg:382014

CHARLES NAVARRO
203 THIA CT
COATESVILLE PA 19320

SHIP TO:
US DISTRICT CT FOR EASTERN DIST OF PA
601 MARKET ST
CLERKS OFFICE — PHILA DIVISION
PHILADELPHIA PA 19106

USPS TRACKING #
9405 5508 9956 1015 4219 19

U.S.M.S. RECEIVED NOV 12 2025 X-RAY